IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 09-0054-KD-C |
| GEORGE HARDESTY, | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a Mobile County Metro Jail inmate, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.[1]  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that pursuant to 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii) that this action be dismissed with prejudice because the claims are either frivolous or fail to state a claim upon which relief can be granted or seek monetary relief against a defendant who is immune from such relief.

**I.  Complaint (Doc. 1) and Amendments (Docs. 12, 14).**

Plaintiff filed an action against George Hardesty, a judge for the District Court of

---

[1] In addition to this complaint filed on January 30, 2009, plaintiff has filed six other complaints since then, namely, *Williams v. City of Mobile,* CA 09-0086-CG-N (filed Feb. 18, 2009); *Williams v. Matt,* CA 09-0106-WS-C (filed Mar. 2, 2009); *Williams v. Mobile County Sheriff Dept.,* CA 09-0130-CB-N (filed Mar. 11, 2009); *Williams v. Henry,* CA 09-0132-KD-N (filed Mar. 12, 2009); *Williams v. Mobile Police Dept.,* CA 09-0215-KD-B (filed Apr. 16, 2009); and *Williams v. Aerospace,* CA 09-0276-CB-C (filed May 19, 2009).

Mobile County, Alabama, who has been handling the initial proceedings on criminal charges brought against plaintiff. *See The Ala. Legal Directory,* at 82, 329 (2008). Plaintiff indicates in the complaint that no convictions have resulted yet from the charges of forgery, second degree, and identity theft, first degree, but after eight months, she is still in Mobile County Metro Jail ("jail") while her case is being bound over to the grand jury. (Doc. 1 at 6). Furthermore, plaintiff identifies the date of the complained of incident as May 19, 2008.[2]  (*Id.* at 4).

Plaintiff's complaint (Doc. 1) and amendments (Docs. 12, 14) are vague in their descriptions of specific acts taken by defendant Hardesty. On the other hand, plaintiff is precise in her description of the damages that she has allegedly suffered as result of his acts. The Court will discern as best it can the acts connected to defendant Hardesty. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, and policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action). Those acts that cannot be fairly attributed to defendant Hardesty will not be discussed.

The following is a description of plaintiff's allegations. Plaintiff alleges that defendant Hardesty violated "her constitutional rights, obstructed justice, performed

---

[2]In document 6, at 2, plaintiff states that she was arrested in May, 2008. Otherwise, plaintiff does not describe in the complaint as amended the events that transpired on May 19, 2008.

illegal search and seizure, discrimination, bias, malice, violation of the 5th amendment, Privacy Act corruption, organized crime, violation of [her] Bill of Rights, conspiracy, unreasonable search and seizure, . . . , corruption, using his office for gain, violating United States Adment." (*Id.* at 5). To support these claims, plaintiff makes rambling allegations in her complaint (Doc. 1) and amendments (Docs. 12, 14), causing the Court to sift through them to discern the acts allegedly taken by defendant Hardesty.

Plaintiff claims that defendant Hardesty issued several false warrants despite the evidence before him showing that the arrest did not need to be made. (Doc. 1 at 9-10). She alleges that evidence was hidden and, therefore, was not presented in court. (*Id.* at 10). Plaintiff maintains that defendant Hardesty issued a search warrant for her car and truck even though it had been searched illegally two weeks before. (*Id.*) Defendant Hardesty ordered "a detective [to be sent] to threaten [her] clients to press charges [in her] name and also called [her] names at the courthouse and to [her] clients . . . neighbors[,] bill collectors[,] family[,] and just people whom does(not) know [her]." (*Id.*). He slandered her. (Doc. 12 at 2). Plaintiff was denied bond; while on the other hand, she also claims that her bond was very high. (Doc. 1 at 10). In light of all of the evidence presented, she claims, that her case was to have been thrown out, but she was recharged four months later. (*Id.*). Defendant Hardesty is alleged to have obstructed justice by taking evidence from her file that would have freed her. (*Id.*). He engaged in misconduct because he defied the legislature by not honoring the law, and he laughed and joked in court. (*Id.*).

Plaintiff further complains that defendant Hardesty did not respond to the motion to suppress filed by her lawyer as well as a subsequent motion challenging the search and seizure. (Doc. 12 at 1). Defendant Hardesty also allowed the warrants despite the fact that they were not filed properly by the police department and people lied to obtain them. (*Id.*). Defendant Hardesty is alleged to have ignored her assertions that the statute of limitations barred the claims on her returned checks and that the district attorney's office prevented her father from making future payments on her debt to the check unit. (*Id.* at 3). She presented evidence to defendant Hardesty in August, September, October, November, and December, 2007 and in January, February, and May 2008 that the Mobile police did not have a search warrant and stole files and papers from her car. (*Id.* at 4). She alleges that her attorney John Wayne Boone had copies of the powers of attorney and knew that she was telling the truth. (*Id.*). Her family called defendant Hardesty to release her, which was to no avail. (*Id.* at 5). Plaintiff maintains that she has been "done wrong" while the evidence sits in the file. (*Id.* at 9). Defendant Hardesty is alleged to have formed a conspiracy against her; however, no facts are provided to show how the conspiracy was formed and who were the participants. (*Id.* at 9, 10; Doc. 1 at 5).

As a result of being arrested and incarcerated, plaintiff alleges that she has suffered the following. She defaulted on a loan for her doctorate in the amount of $42,000 and on a loan for her 2007 F150 truck in the amount of $19,487, and has lost over $200,000 in her unidentified business. (Doc. 1 at 3). Plaintiff complains of excessive bleeding and worsening of her asthma as a result of mold in the jail's air conditioning vents. (*Id.* at 3-

4). She has lost over 80 pounds because she has been given no real meat, just processed and powdered food, and maintains that the jail's food that does not promote health.[3] (*Id.* at 4; Doc. 12 at 5, 8 ). She sleeps on the floor with a mat (Doc. 1 at 5), dust is everywhere, the hard water has damaged her skin, the showers have mold (*id.*), bacteria is present causing urinary tract and respiratory infections (Doc. 12 at 8), and her hair has fallen out (*id.* at 7). She has been "housed with killers, robbers, [and] drug addicts . . . [and where] 90% percent of the people are crazy" (Doc. 1 at 11-12) and with people who have hepatitis C and full-blown AIDS. (Doc. 12 at 5, 6, 8).

Plaintiff advises the Court that while at the jail, she suffered a miscarriage in December, 2007. (*Id.* at 5). She was beaten on October 13, 2008 (*id.* at 6) and was stabbed for which she received medical attention several days later. (*Id.* at 7). She did not use the restroom for three weeks and during her stay in jail, the veins in her legs began to stick out. (*Id.* at 6).

Plaintiff also claims that she was shot at on April 23, 2008, by an assailant whom she did not identified, on Dauphin Street near Atlanta Bread Company, allegedly on account of Defendant Hardesty. No further explanation is provided to clarify what connection defendant Hardesty has to this claim.

For relief, plaintiff seeks damages in the amount of $200 million and designates a variety of organizations to which a monetary award is to be distributed. (Doc. 1 at 7, 9).

---

[3]Plaintiff names *ad infinitum* the foods and vitamins that she does not receive and the conditions from which she may suffer due these deficiencies.

The allegations presented in the complaint and amendments do not provide a clear picture of the events about which plaintiff complains or adequately circumscribe all aspects of her claims.  Plaintiff's filing at document 6 sheds some light on these allegations, in that, her son found three to four powers of attorney, which he sent to the judge and the Mobile Police Department, and there were four powers of attorney regarding the identity theft charge.  (Doc. 6 at 3).  These powers of attorney, plaintiff contends, could free her, but the Mobile Police Department did not tell her defense attorney about this exculpatory evidence.   (*Id*. at 2) .  These statements only give the Court a slight idea of the reason for the criminal proceedings against plaintiff.  Nevertheless, the Court would still have to speculate greatly to obtain a clear picture of the reason for the charges and about the criminal proceedings, as this has not been demonstrated by plaintiff's allegations.  Moreover, it appears that document 6 is concerned with deprivations of plaintiff's constitutional rights by the City of Mobile Police Department, not by defendant Hardesty.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 1) and amendments (Docs. 12, 14)  under 28 U.S.C. § 1915(e)(2)(B).[4] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an

---

[4] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Bilal*, 251 F.3d at 1348-49.

arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555, 127 S.Ct. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557, 127 S.Ct. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. *Id.* at 555, 127 S.Ct. at 1959. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

In a *pro se* litigant's action, the allegations are given a liberal construction by the

Court. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a *pro se* litigant's allegations are held to a more lenient standard than the those of an attorney). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by *a pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  Discussion.

### A.  Deficient Pleading of Claims.

In examining plaintiff's allegations, the Court finds that many of them are vague and conclusory. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (finding that vague and conclusory claims are subject to dismissal). In addition, legal conclusions are used by plaintiff without facts being given to support the conclusions. Even though the Court will liberally construe plaintiff's allegations, the Court is unable to rewrite plaintiff's allegations by supplying facts which are unknown to the Court. *GJR Investments*, 132 F.3d at 1369. Some examples of plaintiff's use of legal conclusions are discrimination, bias, illegal search and seizure, malice, and conspiracy. She also makes other vague assertions of corruption, using an office for gain, Privacy Act corruption, organized crime, and violation of her constitutional rights and of the Bill of Rights which are lacking in factual support. This deficient pleading results in the failure to state a

claim because such claims are not plausible without supporting facts that form a coherent thought. *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966.

In regard to the conspiracy allegation, no other person's name is mentioned as having conspired with defendant Hardesty and no factual support is given for the conspiracy. Plaintiff simply asserts that there was a conspiracy. Whereas, in order to state a conspiracy claim, plaintiff is required to show "evidence of agreement between defendants" to violate her rights. *Rowe v. Ft. Lauderdale,* 279 F.3d 1271, 1284 (11th Cir. 2002). This necessitates that plaintiff provide more than a label or a conclusion. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. She must raise her right to relief above the speculative level and show sufficient facts to suggest an agreement was made. *Id.* at 556, 127 S.Ct. at 1965. In addition to pleading facts to show that an understanding was reached to deny plaintiff her rights, an "underlying actual denial of [her] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008). However, plaintiff has not alleged facts showing that an agreement was reached to violate her constitutional rights. Considering the pleading of this claim, the Court finds that her conspiracy claim not only fails to state claim, but is also frivolous.

### B. Absolute Judicial Immunity.

Furthermore, in a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. at 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 351,

9

20 L.Ed. 646 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though his act "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356, 98 S.Ct at 1105. Absolute judicial immunity ensures "'that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," *id.* at 355, 98 S.Ct. at 1104 (quoting *Bradley*, 13 Wall. at 347), which is a "'principle of the highest importance to the proper administration of justice[.]'" *Id.*

As a district court judge, defendant Hardesty has jurisdiction "to hold preliminary hearings in prosecutions for felonies. . . ." ALA. CODE § 12-12-32(b) (1975). Plaintiff indicates that she was charged with Class C felonies, forgery, second degree, Alabama Code § 13A-9-3 (1977), and identity theft, first degree, Alabama Code § 13A-8-192 (2006). Thus, he was acting within his jurisdiction handling the initial matters in plaintiff's criminal cases.

The acts complained about by plaintiff are defendant Hardesty's issuance of warrants, his denial of her bond or setting the bond too high, his failure to rule on her motions, his other rulings in her cases, and his actions and statements, that is, he laughed, joked, and slandered her.[5] Condensing the allegations, plaintiff is essentially complaining

---

[5]Generally, slander or defamation are not claims for a deprivation of a constitutional right. *See Siegert v. Gilley,* 500 U.S. 226, 233-34, 111 S.Ct. 1789, 1794 (1991) (finding that "[d]efamation, by itself is a tort actionable under the laws of most States, but not a constitutional deprivation"); *Paul v. Davis,* 424 U.S. 693, 702, 96 S.Ct. 1155, 1161 (1976) (holding that there is "no constitutional doctrine converting every defamation by a public official into a deprivation

about defendant Hardesty's rulings and conduct in court. The acts of issuing warrants, making erroneous rulings or not making rulings, and making statements are typical judicial acts taken in a criminal case. Because both prongs of the *Stump* test are satisfied, i.e., defendant acted within his jurisdiction and in his judicial capacity, defendant Hardesty is entitled to absolute judicial immunity from plaintiff's damages claims. *Simmons*, 86 F.3d at 1084-85. Therefore, the damages claims against defendant Hardesty are due to be dismissed as frivolous.[6]

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) that this action be dismissed with prejudice because the claims are either frivolous or fail to state a claim upon which relief can be granted or seek monetary relief against a defendant who is immune from such relief.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 13th day of July, 2009.

---

of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment"). Whereas, a necessary element for stating a § 1983 claim is a showing of a deprivation of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31(1986).

[6]Plaintiff's recourse for challenging an unfavorable decision lies in the State's court system and then with the United States Supreme Court.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

13