**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WENDY WILLIAMS,                :

    Plaintiff,               :

vs.                                           :        CA 09-0054-KD-C

GEORGE HARDESTY,          :

    Defendant.

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on a motion for leave to appeal *in forma pauperis* (Doc. 25), filed *pro se* by Wendy Williams. For the reasons stated below, it is recommended that the motion be denied on the basis that it is not taken in good faith and that Wendy Williams be required to pay the filing fee pursuant to 28 U.S.C. §1915(b).

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

**BACKGROUND**

Wendy Williams is a state prisoner presently confined in the Baldwin County Corrections Center. (*See* Doc. 25) On January 30, 2009, Williams filed a § 1983 action against Judge George Hardesty contending that, among other things, he violated her constitutional rights, obstructed justice, and condoned an illegal search and seizure in relation to initial proceedings on criminal charges brought against her in the District Court of Mobile County, Alabama. (*Compare* Docs. 1, 12 & 14 *with* Doc. 17) By opinion entered on July 13, 2009, the undersigned recommended that the complaint be dismissed with prejudice prior to service as frivolous. (Doc. 17) The undersigned's report and recommendation was adopted as the opinion of the Court on August 21, 2009 (Doc. 20) and judgment was entered dismissing the action with prejudice (Doc. 21). Williams filed written notice of appeal on September 3, 2009 (*see* Doc. 22) and, on October 8, 2009, a motion for leave to appeal *in forma pauperis* (Doc. 25).

Williams provides nothing in the way of articulating the issues that she desires to present on appeal.  Her notice of appeal simply states that she is appealing the district court's decision because same is based on "bias and prejudice"(Doc. 22) and her IFP motion says nothing about the issues to be

raised on appeal (Doc. 25).

## **DISCUSSION**

A determination whether plaintiff's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted). Section 1915(a) provides, as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3) ***An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.***

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate

Procedure further provides, in relevant part:

>  **(1) Motion in the District Court.**  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > **(B)** claims an entitlement to redress; and
> >
> > **(C)** states the issues that the party intends to  present on appeal.
>
> **(2) Action on the Motion.**  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval.**  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > **(A)** the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> >
> > **(B)** a statute provides otherwise.

*Id.*

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D. Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

Williams' complaint, as amended, was addressed by this Court and was found to be frivolous. (Docs. 17 & 20-21) The pertinent issues having been fully addressed, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. Accordingly, it is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## **CONCLUSION**

It is recommended that the District Judge deny plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 25) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in

good faith.

  **DONE** this 14th day of October, 2009.

     s/WILLIAM E. CASSADY
     **UNITED STATES MAGISTRATE JUDGE**